## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH COTTER, ADMINISTRATOR of the PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 35 TRUST FUNDS, <br><br> Plaintiff, <br><br> v. <br><br> SOLAR SEAL LLC; O3 INDUSTRIES LLC; NAVERRA GLASS LLC f/k/a SOLAR SEAL ARCHITECTURAL LLC; DANIEL OZEN (individually and in his capacity as owner and manager of Solar Seal LLC, O3 Industries LLC, Naverra Glass LLC): and JEREMY M. OZEN (individually and in his capacity as owner and manager of Solar Seal LLC, O3 Industries LLC, Naverra Glass LLC), <br><br> Defendants. | C.A. No.: |

## COMPLAINT

## NATURE OF ACTION

1. This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and (d)(1) and 1145 and pursuant to § 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, by employee benefit plans to enforce the obligation to pay fringe benefit contributions and interest due to the Plaintiff pursuant to a Settlement Agreement. Upon information and belief, Defendant O3 Industries LLC is the parent company of Solar Seal LLC and directed an auction and sale of assets of Solar Seal LLC, which were listed as collateral in a Settlement Agreement with the Plaintiff. Upon information and belief, Solar Seal LLC has been stripped of all of its assets and cannot pay its obligations under the Settlement Agreement.

## JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to § 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f), and concurrent jurisdiction pursuant to § 301 of the LMRA, as amended, 29 U.S.C. § 185, without respect to the amount in controversy or the citizenship of the parties.  This Court has supplemental jurisdiction over certain claims pursuant to 28 U.S.C. § 1367.

## PARTIES

3. Plaintiff Deborah Cotter is the Administrator of the Painters and Allied Trades District Council No. 35 Trust Funds (the "Funds").  The Funds are multi-employer plans within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) and "employee benefit plans" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1).  The Funds are administered at 25 Colgate Road, Suite 204, Roslindale, Massachusetts.

4. Defendant Solar Seal LLC ("Solar Seal") is a Massachusetts corporation with a place of business at 55 Bristol Drive, South Easton, MA 02375, and is an employer engaged in commerce within the meaning of § 3(5) and (12) of ERISA, 29 U.S.C. § 1002(5) and (12) and within the meaning of § 301 of the LMRA, 29 U.S.C. § 185.

5. Defendant O3 Industries LLC ("O3 Industries") is a Delaware corporation and upon information and belief has a principal place of business in New York, New York.

6. Defendant Naverra Glass LLC ("Naverra Glass") is a Connecticut corporation with a place of business at 40 Wisconsin Avenue, Norwich, Connecticut.

7. Upon information and belief, Defendant Daniel Ozen ("D. Ozen") is an individual residing in New York, New York, is an owner and manager of Defendants Solar Seal, O3 Industries and Naverra Glass.

8. Upon information and belief, Defendant Jeremy M. Ozen ("J. Ozen") is an individual residing in New York, New York, is an owner and manager of Defendants Solar Seal, O3 Industries and Naverra Glass.

9. Upon information and belief, Defendant D. Ozen and J. Ozen are brothers.

## FACTS

### A. The Formation, Ownership and Relationship of the Defendants

10. On May 20, 2021, Defendant Solar Seal was organized in Massachusetts.

11. Upon information and belief, Defendant D. Ozen is the managing member of Solar Seal.

12. Approximately, one (1) year later, on August 25, 2022, Solar Seal Architectural LLC ("Solar Seal Architectural") was organized in Connecticut.

13. Upon information and belief, Defendant J. Ozen is the managing member of Solar Seal Architectural.

14. On January 31, 2023, Solar Seal Architectural changed its name to Naverra Glass LLC.

15. Upon information and belief, Defendant O3 Industries was founded in 2017 by Defendants D. Ozen and J. Ozen.

16. Upon information and belief, Defendant D. Ozen is the president of Defendant O3 Industries and Defendant J. Ozen is chief executive of Defendant O3 Industries.

17. Upon information and belief, Defendant O3 Industries is a family investment company that holds and controls multiple businesses, including Defendants Solar Seal and Naverra Glass.

18. Upon information and belief, Defendant O3 Industries serves as the parent company for Defendants Solar Seal and Naverra Glass.

19. Upon information and belief, Defendant O3 Industries controls Defendants Solar Seal and Naverra Glass.

**B.     The Settlement Agreement**

20. Shaw Glass Holdings, LLC ("Shaw Glass") was a party to a collective bargaining agreement ("CBA") with District Council No. 35 of the International Union of Painters and Allied Trades of America, AFL-CIO (the "Union") from 2006 to 2021.

21. Shaw Glass failed to make payments to Plaintiff Funds for the period of October 1, 2020 through January 31, 2021, resulting in Shaw Glass's delinquency in the total amount of $488,501.90.  As of April 2, 2021, the accounts payable owed by Shaw Glass to Plaintiff Funds included $25,948.92 in interest, $3,394.11 in attorney's fees and costs, and $97,700.38 in liquidated damages.

22. Defendant Solar Seal signed a CBA with the Union on September 3, 2021.  The CBA is a contract within the meaning of 29 U.S.C. § 185(a).

23. On or around April 2, 2021, Defendant Solar Seal and Shaw Glass signed an Asset Purchase Agreement.  As part of the Asset Purchase Agreement, Solar Seal agreed to assume "accounts payable (including any delinquent accounts payable) associated with health insurance plans and annuity payments for the benefit of unionized employees" of Shaw Glass.

24. On or around May 6, 2022, Defendant Solar Seal signed a Settlement Agreement with Plaintiff Funds to assume payment of Shaw Glass's delinquent contributions pursuant to the CBA.  The Settlement Agreement is attached hereto as Exhibit A.

25. Pursuant to the Settlement Agreement, Defendant Solar Seal agreed to pay

$623,063.60 to Plaintiff Funds to resolve the matter.

26. Under the Settlement Agreement, Defendant Solar Seal agreed to a payment schedule over the course of sixty-one (61) consecutive months, with one (1) initial payment of $80,000, followed by sixty (60) equal monthly payments of $9,051.06 plus interest incurred while under the payment plan.

27. The payment plan commenced on May 15, 2022, in conformity with the payment schedule set out in Paragraph 2 of Exhibit A.

28. Pursuant to Paragraph 6 of the Settlement Agreement, Defendant Solar Seal agreed that "if it does not make each of the payments described in Paragraphs 1 and 2 in full and on time", then [Solar Seal] will be in material breach of the Settlement Agreement, the Plaintiff Funds have the right to accelerate the entire amount then due, Solar Seal will be liable for the full amount owed as of the date of default, and Plaintiff Funds shall have the right to immediately enforce the lien to secure payment of the liability.

29. Defendant Solar Seal made only six (6) payments totaling $134,306.36 through November 2022.

30. The contact person at Solar Seal for the payments was D. Ozen and he used the email address: dozen@o3indus.com.

31. Defendant Solar Seal made its last payment in October 2022 for the contributions owed for November 2022 and therefore the Funds have the right to accelerate the entire amount due.

32. A demand letter was sent to Defendant Solar Seal and O3 Industries on February 6, 2023. The Demand Letter is attached hereto as Exhibit B.

33. Pursuant to Paragraph 5 of the Settlement Agreement, Defendant Solar Seal agreed

that certain machinery and equipment (the "Assets") would serve as collateral to the payment plan. The Assets are listed in Paragraph 5 of Exhibit A.

34. Defendant Solar Seal also agreed to provide a lien on the Assets of $623,063.60 in favor of Plaintiff Funds.

35. At the time it signed the Settlement Agreement, Defendant Solar Seal acknowledged that the Assets were not encumbered by any other lien.

36. On or around March 9, 2023, Plaintiff Funds filed a UCC-1 Financing Statement for the Assets listed in Paragraph 5 of the Settlement Agreement.

37. Pursuant to Paragraph 7 of the Settlement Agreement, Defendant Solar Seal acknowledged and agreed that Plaintiff Funds are entitled to enforce this Settlement Agreement in federal court under Section 515 of ERISA, 29 U.S.C. § 1145.

### C.   The 2022 Auction

38. In or about July 2022, Defendants Solar Seal engaged with Surplus Solutions, LLC and Joseph Finn Co., Inc. (collectively, "Auctioneers") to conduct an auction sale of certain machinery and equipment (the "Auction").

39. Upon information and belief, Defendant J. Ozen signed the contract with the Auctioneers.

40. At the time Defendant J. Ozen entered into this contract, Defendant Solar Seal was not making timely payments to Plaintiff Funds under the Settlement Agreement.

41. On or around September 1 through September 8, 2022, Auctioneers sold all of the Assets listed in the Settlement Agreement.

42. Plaintiff Funds did not find out about the Auction until May 2023.

43. In May 2023, Plaintiff Funds' Counsel reached out to the Auctioneers for details of

the Auction – specifically asking if the equipment, which was subject of the lien in the Settlement Agreement, was sold.

44. On May 15, 2023, counsel for the Auctioneers sent a letter to Plaintiff Funds' Counsel (the "May 15, 2023 Letter") stating that they would not release information related to the auctions. The May 15, 2023 Letter is attached hereto as Exhibit B.

45. The May 15, 2023 Letter also stated: "By copy of this letter to Jeremy Ozen of Solar Seal, the Auctioneers hereby demand that Solar Seal defend, indemnify, and hold them harmless against the Funds' claims and demands."

46. The attorney for the Auctioneers refused to identify the buyers of the Assets in the May 15, 2023 Letter.

47. As of August 2023, the Joseph Finn Co., Inc. website lists the equipment and machinery available for purchase at the Solar Seal Auction.

48. All of the Assets listed in the Settlement Agreement are listed on the Auction website.

49. The Plaintiff knows of no other assets of Defendant Solar Seal.

## COUNT ONE - VIOLATION OF ERISA

50. Plaintiff Funds repeat and incorporate by reference herein paragraphs one (1) through forty-nine (49) above.

51. Article VII, Section 2.7 of the CBA provides, in relevant part:

Health Benefits, Annuity, Apprentice, Industry Betterment Fund and Labor/Management Corporation Trust Contributions shall be paid by the Employer for all hours worked.

52. Article IX, Section 3-1 of the CBA states:

Contributions shall be considered delinquent if not received by the 26th day of the month following the month the work was performed or for weekly submittals, the Wednesday of the week following the week in which the work is performed. Interest charged at the rate of 1 ½% per month

or prorated at that rate for weekly submittals will be assessed for any delinquent contributions which are not paid in violation of this agreement.

53. Article IX, Section 3-2(D) states:

In any action in which a decision or judgment is awarded in favor of the Funds, the Employer shall pay to the Funds, in accordance with the court's award or other decision:

   I.      The unpaid contributions, plus
   II.     Interest on the unpaid contributions, determined at the rate of 1 ½ each month, plus
   III.    Liquidated damages equal to the greater of:
     a.    The amount of interest charges on the unpaid contributions, or
     b.    20% (higher percentage, if permitted by Federal or State Law) of the unpaid contribution fee, plus

   IV.    Reasonable attorney's fees and cost of the action, and
   V.     Such other legal or equitable relief as the court deems appropriate.

54. Article VIII, Section 3 of the CBA states:

Each Employer subscribes to and agrees to be bound by the Fund's Agreement and Declaration of Trust and any amendments thereto.

55. Article III, Section 3.1 of the Health Benefits Fund Trust Agreement states:

Each individual Employer shall contribute to the Fund in accordance with terms of the applicable collective bargaining agreement provided that said collective bargaining agreement contains provisions with respect to contributions to the Fund that are acceptable to the Trustees.

56. Section 1.09 of the Painters & Allied Trades District Council No. 35 Amended and Restated Annuity Plan ("Annuity Plan") states:

The term "Employer" as used herein shall mean any employer who is required to contribute to the Fund pursuant to the terms of a Collective Bargaining Agreement or other written instrument with the Union, such as a Participation Agreement.

57. Defendant Solar Seal is an Employer as defined in the CBA, Health Benefits Fund Trust Agreement and Annuity Plan.

58. The CBA, Health Benefits Fund Trust Agreement and Annuity Plan provide that an Employer delinquent in the payment of its contributions to the Health Benefits Fund and

Annuity Fund must also pay interest, liquidated damages, attorney's fees, and costs associated with collection of such contributions.

59. The failure of Defendant Solar Seal to make payment of all contributions and interest owed on behalf of the covered employees violates § 515 of ERISA, 29 U.S.C. § 1145, the LMRA, the CBA, and the Settlement Agreement.

## COUNT TWO – CORPORATE VEIL PIERCING

60. Plaintiff Funds repeat and incorporate by reference herein paragraphs one (1) through fifty-nine (59) above.

61. Upon information and belief, Defendant O3 Industries exercises control over Defendants Solar Seal and Naverra Glass.

62. Upon information and belief, Defendants O3 Industries, Solar Seal, and Naverra Glass are under common ownership and management.

63. Defendant J. Ozen signed a contract with the Auctioneers to sell the Assets.

64. Defendant D. Ozen was involved in the Settlement Agreement payments and often emailed Plaintiff Funds regarding the payments from his O3 Industries email account.

65. Defendants D. Ozen and J. Ozen knew that the Assets were being used as collateral for the Settlement Agreement and that Solar Seal was not making timely payments to the Funds.

66. Defendant D. Ozen never informed the Funds about the Auction.

67. Upon information and belief, Defendant Solar Seal has no other assets.

68. Upon information and belief, the profits from the Auction were not paid to Defendant Solar Seal, which prevented Plaintiff Funds from receiving payment pursuant to the Settlement Agreement.

69. Upon information and belief, the profits from the Auction were wrongfully diverted

to Defendant O3 Industries and/or Naverra Glass.

70. The Plaintiff Funds have been harmed and Defendants O3 Industries, Naverra Glass, Daniel Ozen and Jeremy Ozen are liable under corporate veil piercing principles.

### **COUNT THREE – ALTER EGO**

71. Plaintiff Funds repeat and incorporate by reference herein paragraphs one (1) through seventy (70) above.

72. Defendants O3 Industries, Solar Seal and Naverra Glass have common ownership and management.

73. Defendants Solar Seal and Naverra Glass have a common business purpose.

74. Upon information and belief, Naverra Glass was created in order for Solar Seal to avoid its obligations to the Funds.

75. Upon information and belief, Defendants O3 Industries and/or Naverra Glass wrongfully received profits from the Auction of Solar Seal's Assets.

76. Defendants O3 Industries and Naverra Glass are alter egos of Solar Seal.

### **COUNT FOUR – CIVIL CONSPIRACY**

77. Plaintiff Funds repeat and incorporate by reference herein paragraphs one (1) through seventy-six (76) above.

78. Defendants D. Ozen and J. Ozen, as individuals and in their capacity as owners and corporate officers of O3 Industries and Naverra Glass, did engage in and/or subscribe to a common design or an agreement, express or implied, to do a wrongful act.

79. Said wrongful act was to gain an undue advantage by means of a representation known to be false, by wrongful action, or by action in violation of some positive duty.

80. Defendants D. Ozen and J. Ozen conspired to defraud Plaintiff Funds through false

representations to Auctioneers that they held good and marketable title to the Assets listed in the Settlement Agreement between Plaintiff Funds and Defendant Solar Seal, with full right and authority to sell the Assets and that the Assets were free of all liens, claims and/or encumbrances or limitations of any nature.

81. Defendants D. Ozen and J. Ozen knowingly stripped Solar Seal of Assets they knew were held as collateral under the terms of the Settlement Agreement.

82. Upon information and belief, the profits of the Auction sale were wrongfully diverted to Defendants O3 Industries and/or Naverra Glass despite neither Defendant having any interest in the Assets.

83. Defendants acted with fraudulent intent in purposefully selling the Assets knowing they were listed as collateral on the Settlement Agreement.

## COUNT FIVE – FRAUDULENT TRANSFER

84. Plaintiff Funds repeat and incorporate by reference herein paragraphs one (1) through eighty-three (83).

85. Plaintiff Funds bring this count based on a theory of fraudulent transfer pursuant to Mass. Gen. Laws ch. 109A, the Uniform Fraudulent Transfer Act. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

86. Plaintiff Funds is a "creditor", within the meaning of Mass. Gen. Laws ch. 109A, § 2, of Defendant Solar Seal.

87. Defendant Solar Seal is a "debtor", within the meaning of Mass. Gen. Laws ch. 109A, § 2, of Plaintiff Funds.

88. Defendant Solar Seal signed a Settlement Agreement with Plaintiff Funds on or around May 6, 2022.

89. Pursuant to Paragraph 5 of the Settlement Agreement, Defendant Solar Seal agreed that certain machinery and equipment would serve as collateral to the payment plan. The Assets are listed in Paragraph 5 of Exhibit A. Defendant Solar Seal also agreed to provide a lien of $623,063.60 in favor of Plaintiff Funds.

90. Upon information and belief, Defendant O3 Industries, as the parent company to Defendant Solar Seal, directed the Assets to be sold at the Auction.

91. Upon information and belief, and subject to further investigation and discovery, Defendant O3 Industries did not disclose to the Auctioneers that all Assets were listed as collateral pursuant to the Settlement Agreement.

92. Upon information and belief, Auctioneers listed the Assets on the website for Joseph Finn Auctions as available for their Auction on behalf of Defendant Solar Seal on September 1 and 2, 2022.

93. The Assets were sold at the Auction to unknown buyers.

94. The transfers consisted of all of Defendant Solar Seal's assets and rendered the company insolvent.

95. Defendant Solar Seal, at the direction of Defendant O3 Industries, transferred the Assets in violation of both the Settlement Agreement and Mass. Gen. Laws ch. 109A.

96. Upon information and belief, the profits of the Auction were wrongfully diverted to Defendants O3 Industries and/or Naverra Glass.

**WHEREFORE**, Plaintiff Funds demands that the court enter a judgment ordering:

1. An Award to Plaintiff Funds in the following amounts:
    a. The full amount owed pursuant to the Settlement Agreement in the amount of $488,757.24;

    b. Interest on unpaid contributions;

    c. Liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions;

    d. All costs and reasonable attorney's fees incurred by Plaintiff Funds in connections with this action;

2. Defendant Solar Seal to relinquish possession of any and all of the collateral listed in the Settlement Agreement for the entire amount due;

3. An avoidance of the transfers of the Assets;

4. An attachment of the assets of all Defendants in the amount of the Award; and

5. Any such other and further relief as this court may deem just and proper.

Dated: October 27, 2023

Respectfully Submitted,
Deborah Cotter,
Administrator, Painters
and Allied Trades District
Council No. 35 Trust Funds,

By her attorney,

/s/ Melissa A. Brennan
Melissa A. Brennan, Esq.
BBO # 669489
mab@fdb-law.com
Feinberg, Dumont & Brennan
177 Milk Street, Suite 300
Boston, MA 02109
Tel.: (617) 338-1976

## **CERTIFICATE OF SERVICE**

      I, Melissa A. Brennan, hereby certify that I caused a copy of the foregoing to be delivered by certified mail, return receipt requested, on this date, to the United States Secretary of Labor and the Department of Treasury.

Dated: October 27, 2023                                        /s/ Melissa A. Brennan
                                                                                      Melissa A. Brennan, Esq.