## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ | ) |
| DEBORAH COTTER, ADMINISTRATOR of the | ) |
| PAINTERS AND ALLIED TRADES DISTRICT | ) |
| COUNCIL NO. 35 TRUST FUNDS, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | )     C.A. No.: 23-12564 RGS |
| | ) |
| SOLAR SEAL LLC; O3 INDUSTRIES LLC; | ) |
| NAVERRA GLASS LLC f/k/a SOLAR SEAL | ) |
| ARCHITECTURAL LLC; | ) |
| DANIEL OZEN (individually and in his capacity | ) |
| as owner and manager of Solar Seal LLC, | ) |
| O3 Industries LLC, Naverra Glass LLC): | ) |
| and JEREMY M. OZEN (individually and in his | ) |
| capacity as owner and manager of Solar Seal LLC, | ) |
| O3 Industries LLC, Naverra Glass LLC), | ) |
| | ) |
|      Defendants. | ) |
| _____ | ) |

## O3 INDUSTRIES, LLC'S, NAVERRA GLASS LLC'S, DANIEL OZEN'S, AND JEREMY M. OZEN'S ANSWER AND JURY DEMAND AS TO COUNT TWO OF PLAINTIFF'S COMPLAINT

Count 1 of the captioned action is against Solar Seal LLC only, and Solar Seal has answered. Dkt. No. 24. On June 7, 2024, this Honorable Court ordered dismissal of Counts 3, 4, and 5. Dkt. No. 31. Defendants O3 Industries LLC "("O3"), Naverra Glass LLC "Naverra Glass"), Daniel Ozen, and Jeremy M. Ozen (together, "Defendants") otherwise answer as follows.

### NATURE OF ACTION

1.     Paragraph 1 is an introduction summarizing the allegations set forth in the Complaint's subsequent paragraphs. Accordingly Defendants incorporate by reference their answers to those paragraphs. To the extent that an answer is otherwise required, the allegations of paragraph 1 are denied.

**JURISDICTION**

2.        Paragraph 2 purports to state a conclusion of law to which no response is required.  To the extent that a response is required, the allegations are denied.

**PARTIES**

3.        Defendants are presently without sufficient information to admit or deny the allegations of paragraph 3.

4.        Defendants deny that Solar Seal is a Massachusetts corporation or that it has the place of business alleged.  The remainder of paragraph 4 purports to state a conclusion of law to which no response is required.  To the extent that a response is required, the allegations are denied.

5.        Admitted except that O3 is a limited liability company.

6.        Admitted that Naverra Glass is a Connecticut is a limited liability company. Otherwise denied.

7.        Admitted that Daniel Ozen resides in New York, New York and that he is a member of O3 and manages O3.  Otherwise denied.

8.        Admitted that Jeremy Ozen resides in New York, New York and that he is a member of O3 and manages O3.  Otherwise denied.

9.        Admitted.

**FACTS**

      **A.        The formation, Ownership and Relationship of the Defendants**

10.        Denied.

11.        Denied.

2

12.     Admitted that a limited liability company called Solar Seal Architectural LLC was organized in Connecticut on approximately the date alleged.  Otherwise denied.

13.     Admitted that Jeremy Ozen is listed on the Connecticut Secretary of State's website as manager of Solar Seal Architectural LLC.  Otherwise denied.

14.     Admitted that a limited liability company called Solar Seal Architectural LLC changed its name to Navarra Glass in January 2023.  Otherwise denied.

15.     Admitted that O3 was founded in 2017 and that Daniel Ozen and Jeremy Ozen were its members.  Otherwise denied.

16.     Admitted that Daniel Ozen and Jeremy Ozen and are nominally president and chief executive respectively of O3.  Otherwise denied.

17.     Denied.  O3 owns no membership units in either of the companies alleged.

18.     Denied.

19.     Denied.

**B.      The Settlement Agreement**

20.     Admitted.

21.     Defendants are presently without sufficient information to admit or deny the allegations of paragraph 21.

22.     Paragraph 22 concerns the contents of a document of which Plaintiff implicitly alleges possession but does not attach to her Complaint.  The alleged document speaks for itself. The remainder of paragraph 22 purports to state a conclusion of law to which no response is required.  To the extent that a response is required, the allegations are denied.

23.     Paragraph 23 concerns the contents of a document of which Plaintiff implicitly alleges possession but does not attach to her Complaint.  The alleged document speaks for itself.

26618256_2

24.     Paragraph 24 purports to describe the contents of the Complaint's <u>Exhibit A</u>, which speaks for itself.  Otherwise denied.

25.     Paragraph 25 purports to describe the contents of the Complaint's <u>Exhibit A</u>, which speaks for itself.  Otherwise denied.

26.     Paragraph 26 purports to describe the contents of the Complaint's <u>Exhibit A</u>, which speaks for itself.  Otherwise denied.

27.     Paragraph 27 purports to describe the contents of the Complaint's <u>Exhibit A</u>, which speaks for itself.  Otherwise denied.

28.     Paragraph 28 purports to describe the contents of the Complaint's <u>Exhibit A</u>, which speaks for itself.  Otherwise denied.

29.     Admitted that Solar Seal did not make all payments called for by the Settlement Agreement.  Defendants are without sufficient information further to admit or deny the allegations of paragraph 29.

30.     Denied that Daniel Ozen was "the contact person at Solar Seal" but admitted that he used the alleged electronic mail address at approximately the time period alleged.

31.     Defendants are presently without sufficient information to admit or deny the allegation regarding the date of its last payment.  The remainder of paragraph 31 purports to state a conclusion of law to which no response is required.  To the extent that a response is required, the allegations are denied.

32.     Paragraph 32 purports to describe the contents of the Complaint's <u>Exhibit B</u>, which speaks for itself.  Otherwise Defendants are presently without sufficient information to admit or deny.

26618256_2

33.     Paragraph 33 purports to describe the contents of the Complaint's <u>Exhibit A</u>, which speaks for itself.  Otherwise denied.

34.     Paragraph 34 purports to describe the contents of the Complaint's <u>Exhibit A</u>, which speaks for itself.  Otherwise denied.

35.     Paragraph 35 purports to describe the contents of the Complaint's <u>Exhibit A</u>, which speaks for itself.  Otherwise denied.

36.     Denied.

37.     Paragraph 37 purports to describe the contents of the Complaint's <u>Exhibit A</u>, which speaks for itself.  Otherwise denied.

### C.     The 2022 Auction

38.     Admitted.

39.     Admitted that Jeremy Ozen signed Solar Seal's contract with its auctioneers expressly on behalf of Solar Seal only.

40.     Denied that "J[eremy] Ozen entered into this contract."  Defendants are presently without sufficient information to admit or deny the allegation regarding the date of Sola Seal's last payment.

41.     Admitted that Solar Seal auctioned certain assets.  Otherwise paragraph 41 purports to describe the contents of the Complaint's <u>Exhibit A</u>, which speaks for itself.

42.     Defendants are presently without sufficient information to admit or deny the allegation of paragraph 42.  To the extent that a response is required, the allegations are denied.

43.     Defendants are presently without sufficient information to admit or deny the allegation of paragraph 43.  To the extent that a response is required, the allegations are denied.

26618256_2

44.    Paragraph 44 purports to describe the contents of the Complaint's <u>Exhibit B</u>, which speaks for itself.  Otherwise denied.

45.    Paragraph 45 purports to describe the contents of the Complaint's <u>Exhibit B</u>, which speaks for itself.  Otherwise denied.

46.    Defendants are presently without sufficient information to admit or deny the allegation of paragraph 46.  To the extent that a response is required, the allegations are denied.

47.    Admitted.

48.    Defendants are presently without sufficient information to admit or deny the allegation of paragraph 48.

49.    Defendants are presently without sufficient information to admit or deny the allegation of paragraph 49.

**COUNT ONE – VIOLATION OF ERISA**

50.    No response is required to this paragraph.

51.    Count 1 pertains to Solar Seal only.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, they defer to the Answer of Solar Seal.

52.    Count 1 pertains to Solar Seal only.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, they defer to the Answer of Solar Seal.

53.    Count 1 pertains to Solar Seal only.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, they defer to the Answer of Solar Seal.

26618256_2

54.     Count 1 pertains to Solar Seal only.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, they defer to the Answer of Solar Seal.

55.     Count 1 pertains to Solar Seal only.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, they defer to the Answer of Solar Seal.

56.     Count 1 pertains to Solar Seal only.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, they defer to the Answer of Solar Seal.

57.     Count 1 pertains to Solar Seal only.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, they defer to the Answer of Solar Seal.

58.     Count 1 pertains to Solar Seal only.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, they defer to the Answer of Solar Seal.

59.     Count 1 pertains to Solar Seal only.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, they defer to the Answer of Solar Seal.

## COUNT TWO – CORPORATE VEIL PIERCING

60.     No response is required to this paragraph.

61.     Denied.

62.     Denied.

26618256_2

63.     Admitted that Jeremy Ozen signed Solar Seal's contract with its auctioneers expressly on behalf of Solar Seal only.

64.     Admitted that on occasion Daniel Ozen exchanged electronic mail, from his alleged electronic mail address, with Plaintiff Funds. Otherwise denied.

65.     Paragraph 65 alleges facts contained in documents, specifically the terms of the Settlement Agreement and records of payment history, which speak for themselves. Otherwise denied.

66.     Admitted, but denied that Daniel Ozen was under any legal obligation to inform the Plaintiff Funds of the matters alleged.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

## COUNT THREE – ALTER EGO

71.     Count 3 has been ordered dismissed. Defendants accordingly need not supply an answer to its allegations. To the extent that their answer is required, the allegations are denied.

72.     Count 3 has been ordered dismissed. Defendants accordingly need not supply an answer to its allegations. To the extent that their answer is required, the allegations are denied.

73.     Count 3 has been ordered dismissed. Defendants accordingly need not supply an answer to its allegations. To the extent that their answer is required, the allegations are denied.

74.     Count 3 has been ordered dismissed. Defendants accordingly need not supply an answer to its allegations. To the extent that their answer is required, the allegations are denied.

26618256_2

75.    Count 3 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

## COUNT FOUR – CIVIL CONSPIRACY

76.    Count 4 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

77.    Count 4 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

78.    Count 4 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

79.    Count 4 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

80.    Count 4 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

81.    Count 4 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

82.    Count 4 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

83.    Count 4 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

## COUNT FIVE – FRAUDULENT TRANSFER

84.    Count 5 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

26618256_2

85.    Count 5has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

86.    Count 5 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

87.    Count 5 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

88.    Count 5 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

89.    Count 5 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

90.    Count 5 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

91.    Count 5 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

92.    Count 5 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

93.    Count 5 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

94.    Count 5 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

95.    Count 5 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

26618256_2

96.    Count 5 has been ordered dismissed.  Defendants accordingly need not supply an answer to its allegations.  To the extent that their answer is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Subject matter jurisdiction is lacking.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its own acts and omissions.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable statutes of limitations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail for lack of personal jurisdiction.

26618256_2

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's  claims fail for lack of subject matter jurisdiction.

**JURY CLAIM**

Defendants claim a jury on all claims and defenses so triable.

Respectfully submitted,

O3 INDUSTRIES, LLC, NAVERRA GLASS LLC,  DANIEL OZEN, AND JEREMY M. OZEN

By their attorneys,


*/s/ Daniel J. Dwyer*
Daniel J. Dwyer (BBO No. 567026)
Mary Petronio (BBO No. 713542)
One Federal Street, 20th Floor
Boston, MA 02110
Tel.: (857) 383-2622
ddwyer@verrill-law.com
mpetronio@verrill-law.com

August 1, 2024


**CERTIFICATE OF SERVICE**

I, Daniel J. Dwyer, hereby certify that this document filed through the ECF system will be served by electronic mail on August 1, 2024 on all counsel of record.


*/s/ Daniel J. Dwyer*
Daniel J. Dwyer

12

26618256_2